IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-18-100-D |
| v. | ) |
| | ) (District Court of Oklahoma County, |
| RICHARD LUKE CORNFORTH, | ) Oklahoma, Case No. CM-2015-3708) |
| | ) |
| Defendant. | ) |

**O R D E R**

On March 13, 2018, Defendant paid the filing fee for this action in compliance with the Order of February 27, 2018. Until then, the action was deemed conditionally filed. *See* LCvR3.3(d)-(e). The matter is now pending before the Court for consideration.

Upon review of the Notice of Removal and other papers filed by Defendant Richard Luke Cornforth, the Court finds no basis for an exercise of federal subject matter jurisdiction in this case.[1] Defendant apparently seeks to remove a misdemeanor criminal case against him, *State v. Cornforth*, No. CM-2015-3708 (Okla. Cty., Okla.) (available at

---

[1] Because federal courts have limited jurisdiction, and the Court has "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Further, as explained *infra*, the removal concerns a criminal case, for which the procedural statute provides:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C.A. § 1455(b)(4).

http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CM-2015-3708). The Court ascertained this by utilizing information gleaned from Defendant's Notice of Removal and supporting papers to search publicly available state court records; Defendant did not provide the materials required for proper removal.[2] *See* Notice of Removal [Doc. No. 1] at 4 and attach. 1 & 2 [Doc. Nos. 1-1 & 1-2]; *see also* 28 U.S.C. § 1455(a). The sole basis of federal jurisdiction alleged by Defendant is that "plaintiff's suit involves federal questions as provided for at 42 U.S.C. § 1983 including rights secured by the 4th 5th and 6th Amendments to the Constitution applying to the State Court Action via the Fourteenth Amendment of the Constitution." *See* Notice of Removal at 2, ¶ 5. Notwithstanding this statement, Defendant proceeds to allege violations of his due process and other constitutional rights by Oklahoma County District Attorney David Prater, Oklahoma County Special Judge Russell Hall, and by Defendant's attorneys in a pending criminal prosecution of Defendant. *Id*.

Federal removal jurisdiction is conferred by statute. The removal of a criminal prosecution is authorized only under limited circumstances not present here, such as where the state court action is against a federal law enforcement officer or agency, a member of the armed services of the United States, or a "person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." *See* 28 U.S.C. §§ 1442, 1442a, 1443. This last provision "does not

---

[2] Although Petitioner is a *pro se* litigant whose pleadings are held to a less stringent standard than ones drafted by lawyers, he must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

authorize removal to protect the broad guarantees of the constitution." *New Mexico v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972) (internal quotation omitted). Defendant provides no factual or legal basis for the removal of the pending misdemeanor case against him. Therefore, the Court finds that Defendant has failed to show the existence of subject matter jurisdiction in this case.

IT IS THEREFORE ORDERED that this action is remanded to the District Court of Oklahoma County, Oklahoma.

IT IS SO ORDERED this 22nd day of March, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE